# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS E. LUNNEEN,

    Plaintiff,

vs.

BERRIEN SPRINGS, VILLAGE OF, et al.,

    Defendants.

Case No. 1:20-cv-1007-HYJ-PJG

Hon. Hala Y. Jarbou

Hon. Mag. Judge Phillip J. Green

| | |
|---|---|
| Mel C. Orchard III<br>Noah W. Drew (P74335)<br>Emily S. Madden<br>THE SPENCE LAW FIRM LLC<br>15 S. Jackson Street / P.O. Box 548<br>Jackson, Wyoming 83001<br>(307) 733-7290 / (307) 733-5248<br>orchard@spencelawyers.com<br>drew@spencelawyers.com<br>madden@spencelawyers.com<br>*Attorneys for Plaintiff*<br><br>Sean W. Drew (P33851)<br>DREW LAW OFFICE<br>302 Sycamore Street / P.O. Box 880<br>Niles, Michigan 49120<br>(269) 683-6121<br>drewlawoffice@gmail.com<br>*Co-Counsel for Plaintiff* | G. Gus Morris (P32960)<br>MCGRAW MORRIS P.C.<br>2075 W. Big Beaver Road, Suite 750<br>Troy, Michigan 48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>rvanwert@mcgrawmorris.com<br>*Attorneys for Township Defendants, Wyss & Toliver*<br><br>James T. McGovern (P79410)<br>James M. Straub (P21083)<br>STRAUB, SEAMAN & ALLEN P.C.<br>1014 Main Street / P.O. Box 318<br>St. Joseph, Michigan 49085<br>(269) 982-1600<br>jmcgovern@lawssa.com<br>jstraub@lawssa.com<br>*Attorneys for Berrien County, Bailey & Johnson* |

## PLAINTIFF'S DAUBERT MOTION REGARDING STEVEN D. ASHLEY

Plaintiff, by and through counsel, Mel C. Orchard III, Noah W. Drew, and Emily S. Madden of THE SPENCE LAW FIRM, LLC, and Sean W. Drew of THE DREW LAW OFFICE, and pursuant to Rule 702 of the Federal Rules of Evidence, respectfully moves the Court for an order excluding portions of proffered testimony by Defendants' jointly retained and designated police practices expert, Steven D. Ashley, in the following respects and for the following reasons:

1.      Steven D. Ashley is a police practices expert who exceeds the bounds of his specialty and expertise when he explains, discusses, and opines on matters sounding in Force-Science™, which broadly encompasses officer performance under stress, action/reaction time, memory, and decision making in use of force interactions. These topics are inherently scientific, and Mr. Ashley lacks the scientific and requisite expertise to testify to such matters.  Additionally, Ashley these opinions lack any identifiable or reliable methodology and, if permitted at trial, would require the jury to speculate as to whether the numerous phenomenon Ashley describes occurred in this case. This renders his testimony inadmissible under Rule 702 of the Federal Rules of Evidence and interpretive case law, including *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

2.      Mr. Ashley attempts to extend his discussions of Force-Science™ to the facts of this case, which results in inappropriate credibility determinations and the factual narration of the body-camera footage which, in addition to being inadmissible as described *supra*, is inadmissible under Rule 702 because it will not help the trier of fact understand the evidence or determine a fact in issue.

3.      Mr. Ashley purports to explain the applicable and relevant law on use of force, which includes discussions and quoted excerpts from the United States District Court of the Southern District of Alabama, the United States Courts of Appeals for the Fifth, Sixth, Ninth, and Eleventh Circuits, and the United States Supreme Court, as well as citations to the Model Penal Code, Black's Law Dictionary, and Michigan's Compiled Laws. Mr. Ashley also discusses the difference between legal requirements and internal departmental police practices and concludes that the latter provide more protections than the United States Constitution. Mr. Ashley then applies the law to the facts of this case, including rendering ultimate opinions regarding the

Officers' actions under *Graham v. Connor*. These discussions and opinions are inadmissible expert testimony because they usurps the Court's duty to instruct the jury on the law and to decide the law of the case, and it invades the jury's province as the sole trier-of-fact.

4. Lastly, Mr. Ashley offers unsupported and speculative statements and commentary on material and immaterial matters alike. Under Rule 702, expert testimony must be based on specialized knowledge, and experts are strictly prohibited from speculating.

5. A brief in support of Plaintiff's Motion is submitted herewith.

WHEREFORE, Plaintiff respectfully requests the Court exclude these portions of Steven D. Ashley's opinions, conclusions, and proffered testimony and prohibit him from so testifying at trial.

Respectfully submitted this 6th day of June 2022.

        /s/Noah W. Drew
Melvin C. Orchard III (WSB No. 5-2984)
Noah W. Drew (WSB No. 7-4888)
Emily S. Madden (WSB No. 7-6272)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 | Fax: (307) 733-5248
orchard@spencelawyers.com
drew@spencelawyers.com
madden@spencelawyers.com

Sean W. Drew (MI SB No. P33851)
DREW LAW OFFICE
302 Sycamore Street
P.O. Box 880
Niles, Michigan 49120
(269) 683-5121
drewlawoffice@gmail.com

*Attorneys for the Plaintiff*

PLAINTIFF'S *DAUBERT* MOTION REGARDING STEVEN D. ASHLEY
PAGE 3 OF 4

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2022, I served this document electronically via the Court's CM/ECF system on the following persons:

James T. McGovern
James M. Straub
STRAUB, SEAMAN & ALLEN, P.C.
1014 Main Street / P.O. Box 318
St. Joseph, MI 49085
(269) 982-1600
jmcgovern@lawssa.com
jstraub@lawssa.com
*Attorneys for County Defendants*

G. Gus Morris
MCGRAW MORRIS P.C.
Troy, MI 48084
gmorris@mcgrawmorris.com
*Attorneys for Township Defendants*

                                                /s/Noah W. Drew
                                                Noah W. Drew
                                                THE SPENCE LAW FIRM, LLC