**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS E. LUNNEEN,

 Plaintiff,            Case No. 1:20-cv-1007-HYJ-PJG

vs.                  Hon. Hala Y. Jarbou

BERRIEN SPRINGS, VILLAGE OF, et al.,    Hon. Mag. Judge Phillip J. Green

 Defendants.

| | |
|---|---|
| Mel C. Orchard III<br>Noah W. Drew (P74335)<br>Emily S. Madden<br>THE SPENCE LAW FIRM LLC<br>15 S. Jackson Street / P.O. Box 548<br>Jackson, Wyoming 83001<br>(307) 733-7290 / (307) 733-5248<br>orchard@spencelawyers.com<br>drew@spencelawyers.com<br>madden@spencelawyers.com<br>*Attorneys for Plaintiff*<br><br>Sean W. Drew (P33851)<br>DREW LAW OFFICE<br>302 Sycamore Street / P.O. Box 880<br>Niles, Michigan 49120<br>(269) 683-6121<br>drewlawoffice@gmail.com<br>*Co-Counsel for Plaintiff* | G. Gus Morris (P32960)<br>MCGRAW MORRIS P.C.<br>2075 W. Big Beaver Road, Suite 750<br>Troy, Michigan 48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>rvanwert@mcgrawmorris.com<br>*Attorneys for Township Defendants, Wyss & Toliver*<br><br>James T. McGovern (P79410)<br>James M. Straub (P21083)<br>STRAUB, SEAMAN & ALLEN P.C.<br>1014 Main Street / P.O. Box 318<br>St. Joseph, Michigan 49085<br>(269) 982-1600<br>jmcgovern@lawssa.com<br>jstraub@lawssa.com<br>*Attorneys for Berrien County, Bailey & Johnson* |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DUE TO PENDING SUMMARY JUDGMENTS**

  Plaintiff, by and through counsel, hereby files his Response in opposition to Defendants' Motion to Stay Due to Pending Summary Judgments. As discussed more thoroughly below, Plaintiff respectfully requests the Court deny Defendants' Motion in part because the pending

motions are insufficient to warrant vacating and resetting the dates for the Final Pretrial Conference or trial. Plaintiff does not, however, oppose extending the motion in limine deadline.

## BACKGROUND

This is a civil rights action that Plaintiff initiated on October 21, 2020. [ECF No. 1]. On March 11, 2021, the Court issued a *Case Management Order* that set the Final Pretrial Conference for October 5, 2022, and trial for October 31, 2022. [ECF No. 19]. The original *Order* also established the motion in limine deadline as twenty-one days prior to the Final Pretrial Conference which, in this case, makes them due on September 14, 2022. [*Id.*]. An *Amended Case Management Order* was entered on March 15, 2021, however the motion in limine deadline and the dates for the Final Pretrial Conference and trial remained the same. [*Compare id.*, *with* ECF No. 21]. By stipulation and Court Order, the parties agreed to extend the expert designation deadline. [ECF Nos. 47, 48]. In doing so, the parties also stipulated to allowing expert depositions to occur at any time prior to the Final Pretrial Conference. [Ex. 1, *Emails*]. Plaintiff timely designated experts on January 18, 2022. [ECF No. 57]. The parties also stipulated to, and the Court granted, an extension of the discovery cutoff deadline from March 1, 2022, to May 2, 2022. [ECF Nos. 64, 66]. To date, Defendants have not taken or requested depositions of Plaintiff's designated experts. Nevertheless, Defendants jointly motion the Court to vacate the remaining deadlines and settings until the Court rules on the pending motions for summary judgment. [ECF No. 115]. For the following reasons, Defendants' Motion must be denied in part.

## RELEVANT LAW

Defendants' Motion requests the Court stay the current proceedings and contend the request is properly made under Rule 6(b) of the Federal Rules of Civil Procedure. [ECF No. 115, at ¶ 12]. Rule 6(b) governs motions for extensions of time and provides that the Court may, for

good cause, extend the time for when "an act may or must be done within a specified time . . . ." FED. R. CIV. P. 6(b). A motion that requests the Court delay or postpone a case that has already been set for trial or hearing is more properly considered as a motion for a continuance. O'Connor's Federal Rules, Chp. 5-F, § 1.2; *See also* Wright & Miler et al., *Federal Practice & Procedure, Civil*, § 2352 (4th ed.). Thus, the standard under Rule 6(b) is applicable only to the motion in limine deadline and it has no bearing on the Court's determination of whether the jury trial and Final Pretrial Conference settings should be vacated or continued. *See id.*

"The Federal Rules of Civil Procedure give district courts broad flexibility in trial scheduling." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 766 (6th Cir. 2019). The decision to grant or deny a requested continuance is within the sound discretion of the trial court. *Id.* "Where a trial date has been set for some time and a continuance is requested shortly before trial, the court may deny the continuance." *Id.* at 767. "If anything, Rule 16 *limits* the district court's authority to grant a continuance so close to a trial date." *Id.* When reviewing a district court's grant or denial of a motion to continue, appellate courts often consider a number of factors, including the movant's diligence in attempting to prepare its case for the originally scheduled trial date; the likelihood that the granting of a continuance would resolve the problem that led to the movant seeking a continuance; the inconvenience that a continuance would cause the court or the opposing party; and the extent the movant might suffer harm as a result of a denial. *See, e.g., United States v. Flynt*, 756 F.2d 1352, 1358–59 (6th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985).

## ANALYSIS

Defendants' request to move the Final Pretrial Conference and jury trial settings simply do not satisfy the general considerations that might otherwise warrant a continuance. For example,

Defendants put forth a blanket assertion that "[t]here is no prejudice to any party." [ECF No. 115, at 3]. It is axiomatic that a continuance will prejudice everyone to some extent. Any request for a continuance will disrupt the schedules of the Court, the opposing party, and the witnesses, including those who have voluntarily arranged to attend trial. *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990). The indefinite duration of Defendants' request is further evidence of the prejudice that will result if the Motion is granted.[1] *See Smith v. Argent Mortg. Co.*, 331 Fed. App'x 549, 555–56, 2009 WL 1391550, at *4 (10th Cir. 2009) (unpublished) (finding indefinite duration would inconvenience court and opposing party). By far, the party likely to suffer the most prejudice as a result of any continuance is a plaintiff. Of course, as the time between the commission of a tort and the trial lengthens, witnesses may become unavailable or their memories may fade. This reality may prove particularly harmful to a plaintiff who ultimately bears the burden of proof at trial. *See Barker v. Wingo*, 407 U.S. 514, 521 (1972).

Moreover, Defendants cannot demonstrate their diligence in their preparation of this case, specifically with respect to requesting or taking depositions of Plaintiff's experts. When Defendants first conferred with Plaintiff regarding their requested continuance, they included the following reasoning in the proposed order: "Rulings on the motions are necessary for the parties to best determine what issues to address during six experts' depositions, motions in limine, and proper trial preparation." [Exs. 2, 3]. While the expert deposition reasoning was omitted from the proposed order filed with the Court, [ECF No. 115-1], it certainly remains in the backdrop of Defendants' request, especially given their failure to timely file any *Daubert* motions. Moreover, Defendants' request runs afoul of the parties' agreement to allow for expert depositions to occur up to the Final Pretrial Conference; this agreement was proposed by the Township Defendants and

---

[1] While Defendants eventually request a ninety-day stay, they do so only in the alternative.

is memorialized in Exhibit 1. Defendants should not be permitted to improperly use the pending motions as a mechanism to allow for additional time to conduct expert discovery. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) (finding no abuse of discretion in denying plaintiff's motion to continue trial date to conduct discovery when discovery period had lasted more than a year and the plaintiff waited until less than three months prior to trial to file the motion); *Fraley v. Stoddard*, 73 F.Supp.2d 642 (S.D. Wa. Va. 1999) (continuance motion after completion of discovery denied), *aff'd* 191 F.3d 447 (4th Cir. 1999); *Turner v. Ward*, 321 F.2d 919, 919–20 (10th Cir. 1963) (affirming denial of continuance requested to procure deposition testimony where the movant "was not diligent in procuring the testimony").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' Motion with respect to the Final Pretrial Conference and jury trial settings.

Respectfully submitted this 12th day of September 2022,

        /s/ Noah W. Drew
Melvin C. Orchard III (WSB No. 5-2984)
Noah W. Drew (MI SB No. P74335)
Emily S. Madden (WSB No. 7-6272)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 | Fax: (307) 733-5248
orchard@spencelawyers.com
drew@spencelawyers.com
madden@spencelawyers.com

Sean W. Drew (MI SB No. P33851)
DREW LAW OFFICE
302 Sycamore Street
P.O. Box 880
Niles, Michigan 49120
(269) 683-5121
drewlawoffice@gmail.com
*Attorneys for the Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2022, I served this document electronically via the Court's CM/ECF system on the following persons:

>James T. McGovern
>James M. Straub
>STRAUB, SEAMAN & ALLEN, P.C.
>1014 Main Street / P.O. Box 318
>St. Joseph, MI 49085
>(269) 982-1600
>jmcgovern@lawssa.com
>jstraub@lawssa.com
>*Attorneys for County Defendants*
>
>G. Gus Morris
>MCGRAW MORRIS P.C.
>Troy, MI 48084
>gmorris@mcgrawmorris.com
>*Attorneys for Township Defendants*

           /s/Noah W. Drew
           Emily S. Madden
           THE SPENCE LAW FIRM, LLC